# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID A. STOKES | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-11-1637 |
| WARDEN | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

Plaintiff filed the court-ordered supplement in the above-captioned case (ECF No. 4) as well as a document entitled "motion and petition" concerning a request for an external investigation into alleged police corruption (ECF No. 3).

Plaintiff's supplemental complaint is not clearly written, but, liberally construed, it appears to allege harassment on the part of one member of the administration at Clifton T. Perkins. ECF No. 4. His allegations include a claim that another patient gained access to his locker, he was accused of having an extra sheet, and was called a derogatory name. *Id*. None of the allegations states a constitutional claim.

"Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U. S. 307, 321- 22 (1982) (claim that hospital officials knew patient was being injured but failed to intervene; improperly restrained patient for prolonged periods; and were not providing appropriate treatment or training for his mental retardation); *see also Patten v. Nichols*, 274 F. 3d 829, 837 (4th Cir. 2001) (applying *Youngberg* standard to involuntarily committed psychiatric patients). Notwithstanding the higher standard of care required for psychiatric patients (as opposed to prisoners) the claims raised by plaintiff

are frivolous. Serious matters regarding his care, safety, and well-being evoking due process protections are not implicated.

The motion and petition filed by plaintiff appears to concern an entirely separate matter unrelated to the conditions of his confinement at Clifton T. Perkins. ECF No. 3. He refers to an arresting police officer and claims the officer held a gun to his head while cuffing him with flex cuffs. He states that the flex cuffs were applied so tightly that another officer at the station had to cut the cuffs using a pocket knife. This, he claims, traumatized him because he had just committed an assault on someone using a knife. *Id*. There is no allegation that plaintiff suffered harm as a result of any of the alleged actions taken against him, nor is it apparent that the force used was unjustified in light of plaintiff's admission that he assaulted someone with a knife. In addition, there is no information concerning where the officer worked or where the incident took place. Therefore, the claim will be dismissed, without prejudice.

In another seemingly separate, unrelated matter, plaintiff claims a person named Homer Butler "sat at my table and called me all kinds of bitches." ECF No. 3 at p. 2. Further, he claims that Butler stalked him and followed him around to different shelters, taking his picture with a cell phone. Plaintiff then attaches what purports to be an affidavit from Butler and himself, although the handwriting appears the same for both names. *Id*. at p. 3. The claim does not state any federal constitutional or statutory violation, and cannot be addressed by this Court.

A complaint that is totally implausible or frivolous may be dismissed *sua sponte* for lack of subject matter jurisdiction, pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) *cert. denied*, 528 U.S. 1198 (2000); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). The motion

seeking an investigation will be denied and, to the extent a claim is asserted, it will be dismissed.

Accordingly, for the reasons stated herein, the complaint will be dismissed by separate Order, which follows.

Date: July 29, 2011                            /s/
                                        Ellen Lipton Hollander
                                        United States District Judge